IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CASUAL PANACHE, INC.

               Plaintiff,               OPINION AND ORDER

  v.

                                                     15-cv-234-wmc

THE BURMAX COMPANY, INC.

               Defendant.

---

All of the federal and state law claims alleged in this action arise out of defendant The Burmax Company, Inc. ("Burmax") including a photograph previously copyrighted by plaintiff Casual Panache, Inc. ("Panache") in its catalogs, which Burmax allegedly mails to potential customers across the country. Specifically, plaintiff claims that defendant is reproducing, distributing, using and displaying an unauthorized copy of its copyrighted "Click-N-Curl marketing photograph – Rachel" in violation of 17 U.S.C. § 106. Plaintiff also claims that defendant's conduct constitutes false designation and false description of goods in violation of 15 U.S.C. § 1125. Finally, plaintiff claims that defendant has engaged in false representations in violation of Wis. Stat. § 100.18.

Before the court is a motion by defendant to dismiss all of these claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Dkt. #9.) Because the court finds that Panache has established a *prima facie* case of personal jurisdiction over Burmax, it will deny defendant's motion to dismiss.

ALLEGATIONS OF FACT[1]

Panache is a Wisconsin corporation owned and operated by Kimberly Nimsgern, with its principal place of business located in Menomonie, Wisconsin. Nimsgern is the inventor of a detachable round brush styling tool for women, known as the Click-N-Curl, a Panache product.

In June 2013, Panache arranged for photographer Siri N. Benrud, on a work for hire basis, to take a series of marketing photographs of the Click-N-Curl product. Siri Benrud then assigned the copyright in the series of photographs to plaintiff pursuant to a written agreement.

The photograph at issue, "Rachel," was one in this series. The Rachel photograph displays a model using the Click-N-Curl product, which Panache has used extensively in its marketing and advertising for this product.

On October 9, 2014, the U.S. Copyright Office duly and legally issued Copyright Registration No. VA 1-940-013, for Click-N-Curl's marketing photographs. Panache is the owner of all rights, title and interest in and to the copyright of Click-N-Curl's marketing photographs.

Burmax is a New York corporation with its principal place of business in Holtsville, New York. Burmax manufactures, imports, and distributes professional beauty

---

[1] In setting forth these facts, the court has considered both the complaint and the affidavits submitted by the parties in support of and in opposition to the present motion. *Bolte v. Koscove*, No. 04-cv-935-bbc, 2005 WL 396609, at *1 (W.D. Wis. Feb. 16, 2005) (citing *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983) ("[I]n deciding whether a party has made the necessary showing of personal jurisdiction, a court may rely on the allegations of the complaint and also may receive and weigh affidavits submitted by the parties.")).

supply products.  Burmax also caters to wholesale beauty supply distributors and beauty schools.  Burmax manufactures, markets and sells some of its products under the brand name ScalpMaster.

One of ScalpMaster's products is the "Blow-Out Brush Set," which plaintiff alleges is similar to the Click-N-Curl product.  So much so, in fact, that Burmax apparently uses a reproduction of the copyrighted Rachel photograph in both its marketing catalog and on its website to promote and sell the ScalpMaster Blow-Out Brush Set product, all without Panache's permission or consent, even though the Rachel photograph actually displays the use of Panache's Click-N-Curl product rather than Burmax's ScalpMaster Blow-Out Brush.  Burmax's marketing catalog is distributed to cosmetology schools and beauty salons across the United States, including Wisconsin.

## OPINION[2]

In opposing defendant's motion to dismiss for lack of personal jurisdiction, plaintiff concedes that the court does not have general jurisdiction over Burmax, and therefore only asserts *specific* jurisdiction as a basis for this court's exercise of personal jurisdiction over defendant.  As such, the court will limit its analysis to that same prong.

As a general matter, a federal court may exercise personal jurisdiction over a nonresident defendant "whenever the person would be amenable to suit under the laws of the state in which the federal court sits (typically under a state long-arm statute),

---

[2] The court has subject matter jurisdiction over plaintiff's copyright infringement and Lanham Act claim pursuant to 28 U.S.C. § 1331, and will exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's state law claim under Wis. Stat. § 100.18.

subject always to the constitutional due process limitations encapsulated in the familiar 'minimum contacts' test." *KM Enters., Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718, 723 (7th Cir. 2013). Wisconsin's long-arm statute, Wis. Stat. § 801.05, confers jurisdiction to the maximum extent allowed by the due process clause. *See Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012). ("Once the requirements of due process are satisfied, then there is little need to conduct an independent analysis under the specific terms of the Wisconsin long-arm statute itself because the statute has been interpreted to go to the lengths of due process.").

Regardless, the facts of this case fit squarely within the scope of Wis. Stat. § 801.05(3), which extends personal jurisdiction "[i]n any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant." Not only does plaintiff allege that defendant has injured the value of its copyright generally, which (although intangible property) is after all maintained on the books of the plaintiff here in Wisconsin, but also part of the injury occurred when defendant mailed the allegedly infringing catalogue to customers in this state.

Because the court finds statutory permission to exercise personal jurisdiction, the key inquiry becomes whether Burmax has sufficient "minimum contacts" with Wisconsin, such that this suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *see also Illinois v. Hemi Group, LLC*, 622 F.3d 754, 757 (7th Cir. 2010). The court considers, therefore, whether "the defendant should reasonably

anticipate being haled into court in the forum state, because the defendant has purposefully availed itself of the privilege of conducting activities there." *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008).

While plaintiff has the burden of establishing the existence of personal jurisdiction, it need only make a *prima facie* showing because defendant's motion to dismiss relies only on written materials and not on an evidentiary hearing. *Purdue Research Found. v. Sanofi-Synthelabo, S.A*, 338 F.3d 773, 782 (7th Cir. 2003). In deciding whether plaintiff has satisfied this standard, the court will resolve "all disputes concerning relevant facts presented in the record" in plaintiff's favor. *Id*. (internal citations omitted).

For specific jurisdiction, the Seventh Circuit has identified three essential requirements: "(1) the defendant must have purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 673 (internal citations omitted). In this case, defendant's intentional mailing of its marketing catalog, containing the "Rachel" photograph, to cosmetology schools and beauty salons domiciled in Wisconsin is sufficient to satisfy each of the three prongs for this court's exercise of specific personal jurisdiction.

As for the first requirement, the Seventh Circuit noted that "the nature of the purposeful-direction/purposeful-availment inquiry depends in large part on the type of

claim at issue." *Felland*, 682 F.3d at 674. This case concerns alleged copyright infringement, as well as potential violations of the Lanham Act and Wisconsin's fraudulent advertising statute. Therefore, the court's focus is on defendant's mailing of its marketing catalogs to Wisconsin.

For purposes of the present motion at least, there would appear to be no dispute that defendant intentionally mailed its marketing catalogs containing the "Rachel" photograph to a select number of Wisconsin businesses. Nevertheless, Burmax argues that mailing its catalogs to potential customers within the state of Wisconsin amounts to nothing more than random, fortuitous and attenuated contacts. As support, defendant goes all the way back to *International Shoe* itself, which explains that "the constitutional touchstone remains whether the defendant ***purposefully*** established minimum contacts in the forum." (Def.'s Reply (dkt. #20) 6.) Thus, Burmax argues that in distributing its catalogs to potential customers nationwide, it could not *purposefully* establish minimum contacts in this forum.

Burmax's argument, however, rests on a flawed analogy. Specifically, Burmax likens its catalog distribution to that of an ad placed in a magazine that is circulated nationwide. A person or entity does not control who views or responds to ads placed in a magazine circulated nationwide by a third party. *See Hy Cite Corp. v. Badbusinessbureau.com, LLC*, 297 F. Supp. 2d 1154, 1164 (W.D. Wis. 2004) (distinguishing direct solicitation of business from mailing marketing materials into Wisconsin from placing an advertisement in a national publication or setting up a website). This general dissemination is, however, in sharp contrast to Burmax's targeted

mailing of catalogs to individual customers in various states. As the Eastern District of New York explained, "[u]nlike mail-order catalogs sent by a company to potential customers in a particular state, advertisements [placed in national publications] are indirect forms of advertising in the sense that the entity placing the advertisement has no control over where the [publication] is sent and who receives it." *Hamilton v. Accu-Tek* 32 F. Supp. 2d 47, 70 (E.D.N.Y. 1998).

Burmax also points to the Seventh Circuit's decision in *Advance Tactical Ordnance Sys. v. Real Action Paintball*, 751 F. 3d 796 (7th Cir. 2014), for support. The defendant in that case advertised through an interactive website and email blasts, then challenged the court's specific personal jurisdiction over it because the contacts made by the website and the email blast were not sufficient to establish specific jurisdiction. In considering the issue on appeal, the Seventh Circuit focused on whether or not the forum was targeted *somehow*; ultimately concluding that no such targeting occurred. *Advanced Tactical*, 751 F. 3d at 802-03. Burmax asserts that, like the plaintiff in *Advanced Tactical*, Panache "has provided no evidence showing any deliberate actions of Burmax to target Wisconsin by the mailing of the May 2014 and September 2014 catalogs to potential customers, as part of its nationwide distribution, without any resulting sales." (Def.'s Reply (dkt. #20) 6.)

Again, however, Burmax's assertion rests on a flawed analogy. As explained above, parties placing ads in magazines distributed nationally by a third party are generally not targeting customers in a particular forum because they have no control over who sees their advertisements. Similarly, this court in *Hy Cite Corp*, opined that advertisements

via interactive websites are akin to advertisements placed in nationally circulated magazines. 297 F. Supp. 2d at 1164. Thus, courts routinely hold that contacts resulting from ads placed in nationally circulated magazines are insufficient to establish personal jurisdiction. In contrast, as here, ads in direct mail or catalogs targeting residents in the forum state *are* sufficient to support specific jurisdiction. *Compare Sunbelt Corp. v. Noble, Denton & Assoc.*, 5 F. 3d 28, 33 n. 10 (3d Cir. 1993) (holding that an ad in a national publication is insufficient to establish the contacts necessary for specific jurisdiction), *with Hamilton*, F. Supp. 2d at 70 (holding that defendant's advertising through direct-mail or catalogs, specifically targeted toward the residents of a forum state is sufficient to support an assertion of specific jurisdiction).

Burmax simply relies on the fact that its catalog is circulated nationwide. If the Rachel ad were placed in a third party catalog that is circulated nationwide, defendant would have a point, but that is not the case here. Burmax had full control over the circulation of its catalogue and over who saw the Rachel advertisement, as evidenced by its mailing lists. Indeed, the "targeting" referred to in *Advanced Tactical* occurred here. The fact that Burmax also "targets" residents of other states nationwide is of little to no significance. *See Hy Cite Corp.*, 297 F. Supp. 2d at 1164 (noting that the Supreme Court has suggested that the solicitation of business within a state by an out of state party can support an exercise of personal jurisdiction). Thus, at least on the evidence available at the motion to dismiss stage, Burmax has purposely directed its activities at Wisconsin and is thus amenable to suit in this forum.

In addition to purposeful minimum contacts, plaintiff must *second* show that her claims against Burmax "arise out of or relate to" those contacts. *Burger King v. Rudzewicz*, 471 U.S. at 472-73 (1985); *uBid v. GoDaddy Grp., Inc.*, 623 F.3d 421, 429 (7th Cir. 2010). This "relatedness" element of specific jurisdiction provides defendants with the predictability that deliberate contacts with a forum in one context will not make them liable to suit in an entirely different context; otherwise, the existence of specific personal jurisdiction would swallow the whole. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

The Seventh Circuit favors a rational approach to this "tacit quid pro quo that makes litigation in the forum reasonably foreseeable." *uBid*, 623 F.3d at 430. When a defendant purposely avails itself of a particular state forum, it submits to that state's jurisdiction for claims arising from or related to those purposeful activities. *Id*. Here, the reciprocal relationship between Burmax's contacts in Wisconsin and Panache's claims at least make jurisdiction in the state foreseeable. In particular, this requirement is met because the claim arises from the Rachel picture placed in catalogs that Burmax purposely mailed to Wisconsin residents on at least two occasions.

The *third and final* requirement for finding specific jurisdiction is satisfied here because plaintiff makes a *prima facie* showing that haling Burmax into court in this forum "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316; *uBid*, 623 F.3d at 425. This court's inquiry into fairness focuses on: the burden on the defendant; the forum state's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial

system's interest in efficiently resolving controversies; and the shared interest of the states in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477. Moreover, the defendant must present a "compelling case" to show that jurisdiction would be unfair or improper. *Id*.

In this case, defendant asserts that jurisdiction would fail to comport with traditional notions of fair play and substantial justice because Panache's claims do not arise from litigation-specific conduct. (Def.'s Reply (dkt. #20) 3-4.) As discussed above, Panache's claims actually *do* arise from defendant's intentional mailing of its catalog containing the Rachel photograph to Wisconsin residents. Even if this were a close case under factor (1), all the other factors favor this court's exercise of jurisdiction: Wisconsin clearly has an interest in enforcing a copyright held by a Wisconsin corporation, especially when misuse *in* Wisconsin is part of the claim; plaintiff's location and interest in proceeding here certainly favors staying in Wisconsin; so, too, does the likelihood of this court being in the best position to bring this lawsuit to a fair and efficient resolution; and the State certainly has an interest in advancing the essential nature of copyright.

Thus, defendant has also failed to present a compelling case showing jurisdiction would be unfair and improper. Accordingly, defendant's motion to dismiss will be DENIED.

ORDER

IT IS ORDERED that defendant The Burmax Company's motion to dismiss for lack of personal jurisdiction (dkt. #9) is DENIED. Defendant may have until April 13, 2016, to answer, move or otherwise respond to the complaint.

Entered this 30th day of March, 2016.

BY THE COURT:


/s/
_____
WILLIAM M. CONLEY
District Judge